## WILLIAM SIMONDS vs. LEVI PARKER.

Where a creditor holds two mortgages of personal property, made by the same debtor, each conveying different articles, to secure different demands, and all the mortgaged property is attached in a suit against the mortgagor; if the mortgagee, upon demanding payment of the money due to him, pursuant to the Rev. Sts. c. 90, § 79, states in writing, and delivers to the attaching officer, a *just and true account of the debt or demand for which the property conveyed by one of the mortgages is liable to him,* it will avail *pro tanto,* although the account be insufficient as to his claim under the other mortgage.

THIS was an action of replevin, in which the plaintiff declared of the taking and detaining of household furniture, horses, cattle, wagons, &c. The defendant, a deputy sheriff, justified under a writ of attachment and an execution, on which he attached and seized said articles as the property of Eli Robbins at the suit of Ward & Glover.

At the trial, the plaintiff, to prove title in himself, gave in evidence a mortgage from Eli Robbins to himself, dated November 30th 1836, and duly recorded, conveying the said household furniture to secure payment of $430, with interest, in one year, and referring to a promissory note from said Robbins to the plaintiff, of the same date, for the same amount, and payable at the same time. The plaintiff also gave in evidence another mortgage of the same date, of personal property, consisting of said horses, cattle, and wagons, and also a chaise, a quantity of hay, &c. made by said Robbins to Amos Adams, to secure payment of $1330, with interest, in one year; but no note or other security was therein referred to. This mortgage was also duly recorded. The plaintiff also gave in evidence an assignment to himself, by said Adams, of said mortgage, dated April 1st 1837, and recorded June 29th 1839.

It was proved that the plaintiff made a demand on the defendant, and gave him a notice as in the margin.*

---

* " Lexington, August 21st 1838. To Levi Parker, deputy sheriff, &c. You having attached certain personal property in the dwellinghouse of Eli Robbins of said Lexington, and other personal property on the land in possession of said Robbins, near his dwellinghouse, which personal property was conveyed to me by said Robbins, by his deed of mortgage dated November 30th 1836

The defendant's counsel contended that said demand was insufficient, because it claimed too much; because it did not distinguish what property the plaintiff claimed under each mortgage, nor what debt he claimed under each; and because it was vague and uncertain, and did not give a just and true account of the debt or demand, or of the property claimed by the plaintiff.

The chief justice, before whom the trial was had, ruled that the demand and notice were sufficient, so far as they affected the first mortgage, and insufficient as to the mortgage made to Adams. The defendant's counsel excepted to the ruling as to the first mortgage, and the point was reserved for the consideration of the whole court.

The jury found a verdict for the defendant as to the property conveyed by Robbins to Adams, with 12 per cent. damages; and as to the property conveyed by Robbins's mortgage to the plaintiff, they found for the plaintiff, with nominal damages.

That part of the verdict, which was returned for the plaintiff,

---

and recorded in the registry of the town clerk of Lexington — and certain other personal property, conveyed to Amos Adams by said Robbins, by his deed of mortgage, dated November 30th 1836, and recorded &c. Said last mentioned property and mortgage has been assigned to me by said Adams, and I have, since the times respectively named in said mortgages for that purpose, taken possession of all said property in both mortgages aforenamed to me conveyed. However, neither of the said mortgages was or is paid or satisfied. The sums now due to me on said mortgages, unless they were, or part thereof were considered as paid by said personal property, are as follows; viz. one note of hand made by said Robbins to me, dated November 30th 1836 for $ 430, payable in one year, with interest; indorsed on said note, as paid February 1st 1838, one year's interest, $ 25·80; and May 26th 1838, paid one hundred dollars.

"Also another note of hand made by said Robbins to me or order, for $ 250, payable on demand with interest, on which is indorsed, as paid, one year's interest. Also another note payable to me or order, for $ 200, on demand with interest, on which is indorsed as paid, one year's interest; on the 26th of May 1838, fifty dollars. Now, Sir, though I consider the property, so mortgaged as aforenamed to be absolutely and unconditionally mine, by virtue of said conveyances, the lapse of time and of taking possession of it; yet I am willing the same should be held by you on attachments for the debts of said Robbins, if you will pay to me the sums due to me on my notes aforenamed. I hereby demand payment of the same from you. WILLIAM SIMONDS.

to be set aside, and a new trial granted, if the ruling which was excepted to was erroneous.

*Crowninshield*, for the defendant.

*Nelson*, for the plaintiff.

WILDE, J. This is an action of replevin, and the plaintiff s claim to the property replevied is founded on two mortgage deeds from Eli Robbins, against whom the defendant had an execution and writ of attachment, under which he justifies the taking of the same as Robbins's property ; and the question is, whether the demand and notice left with the defendant contained a just and true account of the debt, for which the property was liable to the plaintiff, as required by the Rev. Sts. *c.* 90, § 79.

It was ruled at the trial, that the demand and notice were good and sufficient as to the first mortgage, and insufficient as to the other ; and a verdict was returned for the plaintiff for the property described and conveyed by the first mortgage only. This ruling we think correct, and according to a reasonable construction of the statute.

The argument for the defendant is, that the plaintiff was bound to state a just and true account of the debts or demands due on both mortgages ; and that any defect in the statement, as to either mortgage, would be insufficient and null as to both. But we think this would be giving a too strict and literal construction to the statute. The demands are distinct, and the defendant and the attaching creditor would have had the right to tender the amount due on the mortgage on which the plaintiff had a verdict, without any regard to the debt due on the other mortgage ; so that the uncertainty as to what property was conveyed by one mortgage, and what by the other, could have been of no consequence ; for if the defendant had tendered the amount correctly stated, no action could be maintained against him for any part of the property. We think, therefore, that by a fair and reasonable construction of the statute, the amount due on one mortgage being correctly stated, the defendant was bound to pay or tender the amount due, without regard to the claim (which was defectively stated) on the other mortgage.

*Judgment on the verdict.*